**559**

**JORDAN et ux.**
**v.**
**DISTRICT OF COLUMBIA.**
Civ. A. No. 2250–53.

United States District Court
District of Columbia.

Nov. 17, 1953.

Bernard J. Gallagher, J. Roy Thompson, Jr., Washington, D. C., for plaintiffs.

Vernon E. West, Corp. Counsel, Milton D. Korman, Lyman J. Umstead, Asst. Corp. Counsel, District of Columbia, Washington, D. C., for defendant.

PINE, District Judge.

In this action plaintiffs, husband and wife, claim damages for injuries allegedly caused by defendant's negligence. Among its defenses, defendant claims that the physically injured plaintiff, the husband, hereinafter referred to as plaintiff, has received workmen's compensation from his employer and accordingly has waived his right to recover herein. Plaintiff has moved to strike this defense on the ground that it is legally insufficient to constitute a defense, and that is the only question before me.

Although not in the record, counsel have agreed that compensation payments to the plaintiff were not made under an award in a compensation order of the Deputy Commissioner.

33 U.S.C.A. § 933(b), being part of the Longshoremen's and Harbor Workers' Compensation Act, made applicable to the District of Columbia by the Act of May 17, 1928, 45 Stat. 600, Sec. 36–501, D.C.Code 1951, 33 U.S.C.A. § 901 note, provides that acceptance of compensation *"under an award* in a compensation order filed by the deputy commissioner shall operate as an assignment to the employer of all right of the person entitled to compensation to recover damages against" a third person (italics supplied). But here there has been no award and therefore there has been no statutory assignment. Moreover, the Supreme Court in American Stevedores v. Porello, 1947, 330 U.S. 446, 454–456, 67 S.Ct. 847, 853, 91 L.Ed. 1011, has held, in construing Sec. 933(b) supra in a case where there was no award, that "mere acceptance of compensation payments does not preclude an injured employee from thereafter electing to sue a third party tort-feasor."

Defendant, however, further contends that Sec. 933(a) bars his right of recovery. That section provides that if on account of disability for which compensation is payable the person entitled thereto determines that some person other than the employer is liable in damages, "he may elect, by giving notice to the deputy commissioner * * * to receive such compensation or to recover damages against such third person." Plaintiff at the time of argument of the motion herein had not filed a notice of election thereunder, but since then has done so, thus bringing himself squarely within the ruling in American Stevedores, supra, in which such notice had been filed. In the present posture of the case, it therefore is no longer necessary to decide whether the lack of notice of election is fatal to plaintiffs' capacity to sue. Also, whether the employer should be permitted to intervene so as to avoid double recovery for which defendant expresses such solicitude is not before the court.

Motion to strike will be granted. Counsel will submit appropriate order.